HERMAN v CHRYSLER CORPORATION

Docket No. 46051. Submitted January 6, 1981, at Detroit.—Decided June 3, 1981.

James Herman, Sarah Ramsey and Gregory Ward were fired from their employment by Chrysler Corporation after they participated in an illegal work stoppage. All three filed applications with the Michigan Employment Security Commission (MESC) for unemployment compensation benefits. A master determination by the MESC multi-claimant unit found the claimants to be eligible for benefits. Following this determination, Chrysler informed MESC of the reasons for the discharges. MESC reversed the earlier master determination and held that the claimants were ineligible for benefits for a period of six weeks and that the claimants must repay any benefits paid to them during the six-week disqualification period. Claimant Ward was determined to be eligible for benefits on the basis of the original master determination and also ineligible for benefits on the basis of the redetermination. Notice of both findings were mailed to Chrysler but the one granting benefits arrived first and Chrysler requested a redetermination of the order granting the benefits. When notice was mailed to Chrysler and Ward concerning the redetermination hearing, the notice indicated that Chrysler was appealing the order which held Ward not entitled to benefits. The appeal was dismissed by the referee for lack of jurisdiction on the ground that Ward had never appealed the MESC order disqualifying him for benefits. Ward appealed to the MESC appeal board, which affirmed the referee's decision. The Wayne Circuit Court affirmed the decision of the appeal board, John R. Kirwin, J. Claimant Ramsey experienced similar difficulties but did not appeal the master redetermination by the multi-claimant unit. The unit later

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 76 Am Jur 2d, Unemployment Compensation §§ 93, 94.

[3] 16 Am Jur 2d, Constitutional Law §§ 807, 808.

[4] 76 Am Jur 2d, Unemployment Compensation § 37.
    Repayment of unemployment compensation benefits erroneously paid. 90 ALR3d 987.

[5] 76 Am Jur 2d, Unemployment Compensation § 92.

issued a third determination on the matter, holding that the claimants were ineligible for benefits but changing the date of the disqualification period. Ramsey then received an individual redetermination which she did not attempt to appeal until approximately five months later. At that time she filed a request for reconsideration with MESC. The request was denied as untimely and was affirmed by the MESC appeal board and Wayne Circuit Court. Claimant Herman was disqualified for benefits in a redetermination by MESC following its first reconsideration of the original master determination. No appeal was taken. MESC later issued a second redetermination, changing Herman's disqualification dates and stating that improper payments had been made to him and that he must make restitution. Herman appealed this determination. The referee held that the redetermination had been improperly made but upheld the part of the redetermination ordering restitution. The MESC appeal board affirmed. At a hearing in Wayne Circuit Court, MESC stipulated that the referee erred in upholding the restitution order. The court ruled that Herman owed no restitution, invalidated the restitution order and further ordered that he be reimbursed for any restitution that he had already made. Lastly, the court held that any claims for additional relief by Herman were thereby rendered moot. All three claimants appeal from the holding of the circuit court affirming the decision of the MESC as to claimants Ward and Ramsey, ordering claimant Herman reimbursed for restitution he had paid and denying claimants' motion for reconsideration and rehearing. *Held:*

The claimants failed to timely appeal the redetermination by the multi-claimant unit which held that they were ineligible for benefits for a six-week period. Claimants have thus lost any right to appeal from that redetermination. Claimant Herman did timely appeal the MESC redetermination which changed his disqualification date for benefits and ordered that he make restitution of benefits already received. He has now received reimbursement of the payments that were improperly deducted from his benefit checks and is entitled to no more relief.

Affirmed.

1. UNEMPLOYMENT COMPENSATION — REDETERMINATIONS — APPEAL — STATUTES.

The right to appeal a redetermination by the Michigan Employment Security Commission is lost if not exercised within twenty days of the date of the redetermination (MCL 421.33; MSA 17.535).

2. UNEMPLOYMENT COMPENSATION — APPEAL — LATE APPEALS —
   ADMINISTRATIVE CLERICAL ERRORS.

   An administrative clerical error made by the Michigan Employ-
   ment Security Commission does not constitute good cause for a
   late appeal of a determination by the commission unless it
   adversely or materially prejudices an interested party.

3. WORDS AND PHRASES — DUE PROCESS.

   The basic requirement of due process is that a person be given a
   meaningful hearing before an impartial decision-maker after
   having been afforded reasonable notice.

4. UNEMPLOYMENT COMPENSATION — RECOVERY OF BENEFITS — STAT-
   UTES.

   The Michigan Employment Security Commission may recover
   unemployment compensation benefits improperly paid to an
   individual through deductions from benefits that may be or
   may become payable to the individual (MCL 421.62; MSA
   17.566).

5. UNEMPLOYMENT COMPENSATION — REDETERMINATIONS — STATUTES.

   Orders of redetermination made by the Michigan Employment
   Security Commission become final within twenty days after the
   mailing or personal service of a notice thereof unless an appeal
   is filed with the commission (MCL 421.32a; MSA 17.534[1]).

*Jeanne Mirer,* for plaintiffs.

*Gary M. Golden,* for defendant Chrysler Corpo-
ration.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, and *James H.
White,* Assistant Attorney General, for defendant
Michigan Employment Security Commission.

Before: T. M. BURNS, P.J., and R. M. MAHER and
D. C. RILEY, JJ.

T. M. BURNS, P.J. Claimants, Gregory Ward,
Sarah Ramsey and James Herman, were part of a
group of Chrysler employees who were discharged
in June of 1974, after they had participated in an
illegal work stoppage at Chrysler's Warren Truck

Assembly Plant. Along with many other employees who were terminated, claimants filed for unemployment compensation.

After receiving the applications for benefits, the Michigan Employment Security Commission (MESC) requested information from Chrysler regarding the circumstances surrounding claimants' discharges. When this information from Chrysler was not forthcoming, the MESC multi-claimant unit issued a master determination on August 16, 1974, in which it held that the fired Chrysler employees were not disqualified from benefits.

Sometime after issuing this master determination, the MESC received information from Chrysler to the effect that its former employees had been discharged for being involved in an illegal strike. Thereupon, the MESC reversed its original master determination of August 16 and issued a redetermination on August 21, 1974, in which it held that the fired employees were disqualified for unemployment benefits for six weeks. Further, the August 21 redetermination ordered restitution of the benefits that had been improperly paid to the fired employees.

On August 29, 1974, the local branch of the MESC where claimant Ward applied for benefits awarded them to him on the basis of the August 16 master determination of the MESC multi-claimant unit. On the same day, that branch office also *denied* claimant Ward unemployment benefits on the basis of the August 21 master redetermination. Both orders were mailed out on the same day to Chrysler but were addressed to different post office box numbers. It appears that the order granting Ward benefits was received first by the appropriate Chrysler office. On September 9, 1974, Chrysler, believing that claimant Ward had been found to be

*entitled* to benefits, requested a redetermination of the August 29 order granting the benefits.

When Chrysler's request for a redetermination was received at the MESC office it was treated as an "appeal per employer". A form entitled "Appeal to Referee and Notice of Hearing" was prepared by the MESC and mailed to claimant Ward and to Chrysler on February 11, 1975. This form indicated that Chrysler was appealing the August 29 redetermination order which held that Ward was *not entitled* to benefits.

On September 25, 1975, a hearing was held before a MESC referee. The referee issued his opinion on September 29, 1975, in which he dismissed the appeal for lack of jurisdiction on the ground that claimant Ward had never appealed the MESC order disqualifying him for benefits:

"The record fails to show that the claimant ever made a protest or attempted to appeal the Commission disqualifying redetermination of August 29, 1974. Obviously, it was the employer's intent to disagree with a non-disqualifying determination on the subject of 'labor dispute', and it certainly cannot be reasonably construed as the intent of a party to protest or appeal a document which is, in reality, favorable to it. At best, the employer said it wanted a 'redetermination', and it cannot be found that there was any intent to appeal any Commission ruling, particularly the one which would be favorable to the employer.

"A justiciable issue has not been brought before this Referee on the basis of the paperwork prepared by the Commission in a misguided response to the employer's letter of protest, and the Referee has no proper jurisdiction to hear or decide anything with respect to this matter, except that he has no jurisdiction."

Claimant Ward appealed the referee's decision to the MESC appeal board, which affirmed it on

November 30, 1976. Thereafter, he appealed that decision to the Wayne County Circuit Court, which affirmed the decision of the appeal board on June 20, 1979.

Like claimant Ward, claimant Ramsey received an individual determination as well as an individual redetermination from the MESC on September 17, 1974. The determination found Ramsey eligible for benefits and the redetermination found her ineligible for them. Sometime after the multi-claimant unit issued the master redetermination holding that the former Chrysler employees were disqualified for benefits because of their participation in the illegal strike, the multi-claimant unit issued a master reconsideration of that redetermination. This reconsideration affirmed the disqualification of the employees for benefits but changed the date of the disqualification. An individual redetermination, incorporating the decision of the master reconsideration, was then issued on October 15, 1974, to claimant Ramsey.

Claimant Ramsey was out of this state seeking work when the October 15, 1974, redetermination was delivered to her home, but her mother informed her over the telephone that it had arrived. Claimant Ramsey did not file a timely request for reconsideration of the October 15 redetermination. However, sometime later she saw one of the other claimants and an attorney and was informed by them that there might be a basis for an appeal. Therefore, on March 1, 1975, she filed a request for a reconsideration with the MESC.

Claimant Ramsey's request for a reconsideration was denied by the MESC, whose opinion in the matter was affirmed by a MESC referee on May 27, 1975, by the MESC appeal board on November 30, 1976, and by the Wayne County Circuit Court on June 20, 1979.

Claimant Herman was held disqualified for benefits as of August 24, 1974, in a redetermination issued by the MESC on September 17, 1974. Claimant Herman did not appeal this redetermination. On October 15, 1974, the MESC issued a second redetermination in which it changed the disqualification date of claimant Herman's benefits and stated that improper payments had been made to him from June 6, 1974, through July 27, 1974. Restitution of these improper payments was ordered. Claimant Herman did file a timely appeal from this redetermination.

Subsequently, a referee held that the October 15 redetermination had been improperly made. Nonetheless, that part of the redetermination ordering restitution of benefits paid from July 6 to July 27 was upheld by the referee. The appeal board summarily affirmed the referee's decision.

At a hearing before the circuit court, the MESC stipulated that the referee had been in error in voiding the October 15 redetermination without voiding the restitution order. The circuit court thereupon ruled that claimant Herman owed the MESC no restitution and entered an order invalidating the October 15 restitution order. The court further ordered that claimant Herman be reimbursed for any restitution that he had already paid. The circuit court judge concluded, "Such an order provides Herman with all the relief he is entitled to under the law; thereby, mooting further claims for additional relief".

All three claimants now appeal the June 20, 1979, Wayne County Circuit Court order that affirmed the decision of the MESC as to claimants Ward and Ramsey, that ordered claimant Herman reimbursed for restitution that he had paid, and that denied claimants' motion for reconsideration and rehearing. We affirm.

Turning first to the issues raised by claimant Ward in his appeal, we find that none of them require reversal. Ward first argues that the MESC referee was required to take jurisdiction over his case pursuant to the provisions of MCL 421.33; MSA 17.535:

> "The commission shall appoint an adequate number of impartial referees to hear and decide appeals from a redetermination issued by the commission in accordance with section 32a [MCL 421.32a; MSA 17.534(1)] or hear and decide a matter transferred in accordance with section 32a. If the commission transfers a matter, or an interested party requests a hearing before a referee on a redetermination, all matters pertinent to the claimant's benefit rights or to the liability of the employing unit under this act shall be referred to a referee. The referee shall afford all interested parties a reasonable opportunity for a fair hearing and, unless the appeal is withdrawn, the referee shall decide the rights of the interested parties and shall notify the interested parties of the decision within 60 days, setting forth the findings of fact upon which the decision is based, together with the reasons for the decision. * * *"

Ward argues that the referee was obligated to afford him a reasonable opportunity for a fair hearing if there existed any appeal of the MESC's August 29 redetermination. He contends that because he received notice that an appeal had been made by Chrysler and because the MESC treated Chrysler's request for a redetermination of the order granting benefits as an appeal from the order denying benefits, he is entitled to a hearing on his claims. This argument is without merit.

Section 33 only describes the referee's responsibility to hear "appeals from a redetermination issued by the commission" or to hear matters "transferred in accordance with section 32a". Nei-

ther existed in this case. Claimant Ward did not appeal the redetermination of the MESC and neither did Chrysler. The mistaken handling of Chrysler's request for redetermination of the original determination granting Ward benefits cannot serve to vest jurisdiction in the MESC over Ward's claims arising out of the August 29 redetermination order. Neither Ward nor Chrysler ever sought timely review of that redetermination order.

Even if Chrysler's request for a redetermination were "an appeal" within the meaning of § 33, the referee would still have been without jurisdiction to hear claimant Ward's claims because § 33 provides that the referee shall decide the rights of interested parties "unless such an appeal is withdrawn". Chrysler did withdraw the mistaken "appeal" and, as a consequence, Ward had no right to have his claims adjudicated.

Nor can we say that the MESC was vested with jurisdiction over this matter under that part of § 33 pertaining to matters "transferred in accordance with section 32a". Therefore, the referee properly concluded that he did not have jurisdiction over this case. Claimant Ward's right to have his claims heard by the referee was lost when he did not file an appeal from the August 29 redetermination order within 15 days, as § 32a required at that time.

Similarly, we reject claimant Ward's argument that the clerical error made by the MESC constituted good cause for a late appeal by him. As the lower court properly noted, an administrative clerical error does not constitute good cause for a late appeal unless it adversely or materially prejudices an interested party. Ward could not have been adversely or materially prejudiced by the clerical error of the MESC because the first notice that he

received of Chrysler's request for a redetermination of the August 29 determination was on February 11, 1975, long after his right to appeal had expired. Thus, he cannot claim that he relied on any action of Chrysler.

Finally, we reject claimant Ward's argument that the referee's failure to hear his case violated his right to due process of law. The basic requirement of due process is that a person be given a meaningful hearing before an impartial decisionmaker after having been afforded reasonable notice. *Mathews v Eldridge,* 424 US 319; 96 S Ct 893; 47 L Ed 2d 18 (1976). Ward was afforded a reasonable opportunity for a hearing on the MESC redetermination denying him benefits. He chose not to avail himself of the benefits of the appeal procedure. As a consequence, he cannot claim that his right of due process of law has been violated.

Claimant Ramsey raises two issues before this Court, neither of which has resulted in reversible error. She first argues that the referee erred in not hearing her claims because she had good cause for a late appeal based upon newly discovered evidence. We disagree.

Claimant Ramsey's "newly discovered evidence" consists of her late discovery from another claimant and her attorney that a good case existed for appealing the MESC rulings pertaining to her case. This, however, is not "newly discovered evidence".

Ramsey received actual notice of the MESC order disqualifying her for benefits in a telephone conversation with her mother. She did not attempt to appeal that decision within the 15-day appeal period. All facts pertinent to determining whether she should or should not have appealed the MESC redetermination were available to her at the time

that she received notice of her disqualification for benefits. She chose not to seek legal assistance at that time. Her late attempt to do so does not amount to "newly discovered evidence" constituting good cause to reopen her case.

Claimant Ramsey next argues that the circuit court erred in holding that the appeal period of the MESC order denying her benefits ran from issuance of that order, October 15, 1974, and not from the date the MESC began deducting benefits for restitution.

Under the provisions of MCL 421.62; MSA 17.566, if the MESC determines that a person has obtained benefits to which he or she is not entitled, it may recover the sums improperly paid through "deduction from benefits that may be or may become payable to the individual * * *". Accordingly, the October 15 redetermination as to Ramsey included an order that "payments made on and after 8-19-74 must be recovered" because they had been improperly paid. The deductions from her unemployment benefits began when she first received benefits in mid-February of 1975. Ramsey argues that her March 1, 1975, request for reconsideration of the October 15 redetermination was timely.

Under the provisions of MCL 421.32a; MSA 17.534(1) as in effect at the time of the redetermination at issue here, orders of redetermination would become final "unless within 15 days after the mailing or personal service of a notice thereof an appeal is filed with the commission * * *". Therefore, Ramsey's right to appeal was extinguished 15 days after the redetermination order was mailed by the MESC. Her argument that the appeal period runs from the date that the MESC begins deducting benefits from checks to which a

claimant may be entitled is contrary to this statute, and it is rejected by this Court.

Claimant Herman raises only one issue in this appeal: whether the circuit court erred in holding that he was entitled to no relief other than reimbursement of the restitution he had improperly paid. The record unambiguously indicates that Herman failed to appeal the September 17, 1974, MESC redetermination that denied him benefits. Therefore, it became final after 15 days. Herman did, however, timely appeal the October 15, 1974, redetermination of the MESC that changed his disqualification date for benefits and that ordered restitution of payments received by him from June 6, 1974, through July 27, 1974.

The Wayne County Circuit Court found, and we agree, that the MESC referee erred in voiding the October 15 redetermination without also voiding the restitution order. The circuit court ordered that Herman be reimbursed for any restitution that he had paid.

Claimant Herman now wishes to challenge the original September 17, 1974, MESC redetermination that denied him benefits. However, he did not raise these challenges during the 15-day appeal period afforded him by statute. Therefore, we will not permit him to transform his challenge of the October 15 restitution order into a challenge of the merits of the September 17 order disqualifying him from benefits. He has received reimbursement of the payments that were improperly deducted from his benefit checks and is entitled to no more relief.

We have carefully considered all issues raised by claimants in this appeal and we find that no error has occurred. The June 20, 1979, order of the Wayne County Circuit Court affirming the decision

of the MESC as to claimants Ward and Ramsey, ordering reimbursement to claimant Herman of payments that had been improperly deducted from his benefits and denying claimants' motion for reconsideration and rehearing, is affirmed.