*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* CERNA/FRY/HAYWORTH, Minors.

UNPUBLISHED
June 16, 2022

No. 359343
Kalamazoo Circuit Court
Family Division
LC No. 2019-000366-NA

Before: BORRELLO, P.J., and JANSEN and MURRAY, JJ.

PER CURIAM.

Respondent-mother appeals as of right the trial court's order terminating her parental rights to the minor children pursuant to MCL 712A.19b(3)(b)(*i*) (parent caused physical injury and further injury likely to occur if returned), (3)(b)(*ii*) (parent could have prevented physical injury and further injury likely to occur if returned), (3)(*k*) (physical abuse), (3)(g) (failure to provide proper care and custody), and (3)(j) (likelihood of harm if returned to the parent). On appeal, mother argues that she was denied her right to a fair and impartial termination hearing as the result of judicial bias. This unpreserved argument has no valid legal or factual basis, so we affirm.

The sole argument mother raises on appeal is that she was denied her right to a fair and impartial termination hearing as the result of judicial bias. Despite raising this single issue, her brief on appeal contains a citation to only one decision, *Herman v Chrysler Corp*, 106 Mich App 709; 308 NW2d 616 (1981), for the proposition that "due process" principles require that case be presided over by an objective fact finder. True enough, but given the argument, curiously absent from mother's brief is citation to any binding authority on under what circumstances that may occur, and what the governing standards are in making such a decision. See, e.g., *Cain v Department of Corrections*, 451 Mich 470; 548 NW2d 210 (1996). For this reason alone, mother's appeal is without merit. *Mudge v Macomb Co*, 458 Mich 87, 105; 580 NW2d 845 (1998)("It is not enough for an appellant in his brief simply to announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments, and then search for authority either to sustain or reject his position. The appellant himself must first adequately prime the pump; only then does the appellate well begin to flow."). In any event, the arguments mother does make do not establish any due process concerns.

"The question whether judicial misconduct denied defendant a fair trial is a question of constitutional law that this Court reviews de novo." *People v Stevens*, 498 Mich 162, 168; 869 NW2d 233 (2015). However, because mother failed to raise this claim at any point during the trial court proceedings, this claim is unpreserved. *In re Killich*, 319 Mich App 331, 336; 900 NW2d 692 (2017). This Court reviews "unpreserved claims under the plain-error rule." *In re Beers*, 325 Mich App 653, 677; 926 NW2d 832 (2018).

A party "claiming judicial bias must overcome a heavy presumption of judicial impartiality." *People v Jackson*, 292 Mich App 583, 598; 808 NW2d 541 (2011) (quotation marks and citation omitted). MCR 2.003(C)(1) outlines circumstances that warrant judicial disqualification, but mother has not argued that any apply to these circumstances. Also hampering her arguments is the well-settled rule that,

> opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. [*Liteky v United States*, 510 US 540, 555; 114 S Ct 1147; 127 L Ed 2d 474 (1994).]

At the outset, as the DHHS points out, mother's assertion that the trial court improperly questioned a caseworker in regard to statements contained in the police reports is not supported by the record. At the July 24, 2020, hearing, the trial court adjourned the review hearing but considered mother's motion to reinstate parenting time. At this point, the prosecutor, who was representing the DHHS, asked the caseworker about her opinion concerning parenting time in light of the allegations in the petition and statements in the police reports. Contrary to mother's position on appeal, this exchange did not involve questioning by the court.

At the next hearing, a permanency planning hearing, which was held on August 20, 2020, the trial court asked the caseworker whether the police reports had been provided to mother's counselor. The caseworker indicated that this was not general practice because the counselor received the psychological evaluation, and the psychologist who prepared the evaluation had reviewed those reports. The trial court expressed concern because of the circumstances in this case, believing that it was important for the counselor to have this information to properly help mother. The court used words such as "depravity," "horrific," and "torture" during this exchange. However, the transcript does not indicate that the court's comments were made on the basis of the police reports. Rather, these comments appeared to stem from the court's findings. Indeed, the court specified at one point that these were, "My words. Not anyone else's."

Moreover, statements concerning the home's conditions and the children were included in the petition, and the Children's Protective Services investigator testified about her observations of the home and the children at the preliminary hearing. The court also expressed its concern as to whether mother properly understood the proceedings because she was participating in services although the DHHS was seeking to immediately terminate her parental rights. As a result, the trial court's comments were not the result of bias or "a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id*. Mother has completely failed to establish that the court did not act as a neutral finder of fact, or otherwise displayed "deep-seated favoritism or antagonism"

in violation of the Due Process Clause of the state (or federal) constitution. *Id*. This conclusion precludes her relief on appeal.

Nor could mother show that if an error occurred (and one did not), it altered the outcome of the proceedings. See *In re Beers*, 325 Mich App at 677. The termination hearing began almost a year later and lasted for 10 days. All parties were permitted to provide extensive testimony, including mother, who testified for several hours over three days. Several police officers testified in regard to their observations of the home and the children, and the DHHS submitted photos taken by an officer at the home. None of the evidence boded well for mother. At the conclusion of the testimony, the trial court made extensive factual findings. There is nothing in the record to suggest that these factual findings were improperly based on statements in the police reports. And, the extensive evidence presented supported the termination of mother's parental rights under, at a minimum, MCL 712A.19b(3)(j)(termination is proper if "[t]here is a reasonable likelihood, based on the conduct or capacity of the child's parent, that the child will be harmed if he or she is returned to the home of the parent."). As a result, mother has been unable to establish plain error affecting her substantial rights. See *In re Beers*, 325 Mich App at 677.

Affirmed.

/s/ Stephen L. Borrello
/s/ Kathleen Jansen
/s/ Christopher M. Murray

-3-